[13 NYS3d 529]

In the Matter of Paul J. Velardi, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, July 15, 2015

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Sarah Diane McShea*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated July 25, 2013, containing 10 charges of professional misconduct. After hearings on June 19, 2014 and July 11, 2014, the Special Referee sustained all 10 charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent cross-moves to confirm the report of the Special Referee, and requests that the Court impose a sanction of public censure in light of the substantial evidence in mitigation.

Based upon the respondent's answer, and the stipulation of the parties dated June 19, 2014, which was received in evidence, the following is admitted.

Charge 1 alleges that the respondent misappropriated funds entrusted to him by a client in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). On December 7, 2011, the respondent deposited the sum of $22,000 into his IOLA account at Citizens Bank, account No. xxxxx1781, entitled "Paul J. Velardi, Esq., PLLC, IOLA" (hereinafter the IOLA account) on behalf of his client Martinez. In or about January 2012, the respondent issued two checks from the IOLA account; one to himself in the amount of $1,000 (check No. 1021), and the second payable to his wife's clothing boutique, Magnolia's, LLC, in the amount of $3,500 (check No. 1023). At

the time both checks were negotiated, they cleared against funds being held for Martinez.

The respondent made a partial reimbursement of the misappropriated funds on or about January 13, 2012, by depositing $1,000 into the IOLA account. In April 2012, the respondent left $3,500 owed to him in legal fees in the IOLA account to replace the remainder of the funds that he had misappropriated in January. The Martinez matter closed without delay or incident on April 30, 2012.

Charge 2 alleges that the respondent misappropriated client funds in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). On or about January 23, 2012, the respondent deposited the sum of $19,000 in the IOLA account on behalf of his client, the estate of Mendel. On or about January 31, 2012, the respondent deposited the sum of $10,000 into the IOLA account on behalf of his client, Pustola. As of January 31, 2012, the aggregate amount of funds entrusted to the respondent for clients Martinez, the estate of Mendel, and Pustola totaled $51,000. However the balance on that date in the IOLA account was $47,600.

Charge 3 alleges that the respondent misappropriated client funds in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). On or about April 19, 2012, the respondent deposited the sum of $2,000 in the IOLA account on behalf of his client, Vetrano. On or about June 11, 2012, the respondent wired $2,000 from the IOLA account to his operating account. At that time, the funds on deposit in the IOLA account consisted of funds entrusted to the respondent on behalf of his clients Pustola and Vetrano. By wiring $2,000 to his operating account, the respondent misappropriated client funds.

Within a few days of the transfer, on or about June 15, 2012, the respondent restored the misappropriated funds by depositing the sum of $2,000 into the IOLA account.

Charge 4 alleges that the respondent misappropriated client funds in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). The respondent made the following six disbursements from the IOLA account, totaling $7,165, for personal purposes:

| DATE | CHECK No. | PAYABLE TO | AMOUNT |
|------|-----------|------------|--------|
| 6/18/12 | 1126 | Cash | $ 165 |
| 6/18/12 | 1127 | Magnolia's, LLC | $ 1,500 |
| 6/19/12 | 1029 | respondent | $ 1,500 |
| 6/20/12 | 1031 | respondent | $ 500 |
| 6/21/12 | 1033 | respondent | $ 1,500 |
| 6/22/12 | 1034 | respondent | $ 2,000 |

By virtue of the foregoing personal disbursements, the respondent misappropriated funds entrusted to him by his clients Pustola and Vetrano.

On June 29, 2012, the respondent deposited the sum of $5,500 into the IOLA account to partially reimburse the account for the foregoing misappropriations. Thereafter, all escrow funds were paid in full for the Pustola and Vetrano matters on a timely basis, on July 26, 2012 and October 10, 2012, respectively.

Charge 5 alleges that the respondent improperly issued check No. 1126 from the IOLA account made payable to cash, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (e).

Charge 6 alleges that the respondent improperly designated his administrative assistant, Gail Gennaro, a nonlawyer, as a signatory on his attorney special account, from in or about May 2011 through July 2013, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (e). In an affidavit sworn to on June 16, 2014, Gennaro states that she was a signatory, for emergency purposes, on the IOLA account from May 2011 until the account was closed in July 2012. Gennaro was also designated a signatory on the respondent's successor IOLA account opened at M & T Bank, from July 2012 until July 2013, again for emergency purposes. Gennaro stated that she did not sign any checks while she was a signatory on either account. The respondent removed Gennaro as a signatory after he was advised by the petitioner of the impropriety of this designation.

Charge 7 alleges that the title of the respondent's IOLA account failed to include either "Attorney Special Account," "Attorney Trust Account," or "Attorney Escrow Account" in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (b) (2).

Charge 8 alleges that the respondent misappropriated client funds in violation of Rules of Professional Conduct (22

NYCRR 1200.0) rule 1.15 (a). In or about July of 2012, the respondent was entrusted with $12,000 in his M & T Bank account No. xxxxx5714, entitled "Paul J. Velardi Esq., PLLC, IOLA Trust Account" (hereinafter the attorney trust account), on behalf of clients Pustola and Vetrano. About that time, the respondent issued and negotiated check No. 1001 from the attorney trust account, made payable to himself in the amount of $2,500. As a result of this disbursement, the respondent misappropriated funds entrusted to him by clients Pustola and Vetrano.

Thereafter, the respondent made several deposits into the attorney trust account to replenish the account. The funds for the Pustola and Vetrano matters were disbursed in full on a timely basis.

Charge 9 alleges that the respondent misappropriated client funds on deposit in his attorney trust account in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). Between July 11, 2012 and July 13, 2012, the respondent issued three checks made payable to himself from the attorney trust account as follows: check No. 1002 in the amount of $750, check No. 1003 in the amount of $5,000, and check No. 1004 in the amount of $1,659.52. As a result of the foregoing personal disbursements, the respondent misappropriated funds entrusted to him by clients Pustola and Vetrano.

Between July 18, 2012 and August 20, 2012, the respondent made several deposits into the attorney trust account to replenish the account in full.

Charge 10 alleges that in 2010, the respondent misappropriated client funds in the approximate amount of $24,000, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). The respondent voluntarily disclosed this misappropriation during the course of his examination under oath before the petitioner, and states that he fully replenished the attorney trust account.

Based on the respondent's admissions and the stipulation, the Special Referee properly sustained the charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted. The respondent's cross motion is granted to the extent that it seeks to confirm the report of the Special Referee, and otherwise denied.

The respondent seeks the imposition of a public censure in light of the substantial mitigation presented in this matter,

including the lack of harm to any client; his candid and full cooperation with the petitioner; the remedial measures employed to ensure full compliance with his obligations as a fiduciary entrusted with client funds; and the evidence of his good character. Further, the respondent provided credible evidence of his long-standing affliction with depression, which resulted in his hospitalization on two occasions during the relevant time periods involved in the underlying misconduct, as well as his therapeutic efforts to overcome this illness. Nevertheless, the respondent knowingly invaded client funds for his own purposes, which distinguishes his conduct from the "non-venal conversion" suggested by the respondent's counsel, and he has a prior disciplinary history, having received five letters of caution and two letters of admonition.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year.

Eng, P.J., Mastro, Rivera, Skelos and Roman, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm the report of the Special Referee, and otherwise denied; and it is further,

Ordered that the respondent, Paul J. Velardi, is suspended from the practice of law for a period of one year, commencing August 17, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 17, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Paul J. Velardi, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, com-

mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Paul J. Velardi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).