[27 NYS3d 695]

In the Matter of MICHAEL SAPIO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 6, 2016

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michele Filosa* of counsel), for petitioner.

*Kelly McCollum*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated December 1, 2014, containing four charges of professional misconduct. After a hearing conducted on August 18, 2015, the Special Referee sustained all charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent, by his attorney, joins in the petitioner's motion to confirm, and in view of the evidence in mitigation, seeks to limit the sanction to a public censure.

The allegations of the petition stem from a complaint opened against the respondent after the petitioner received notice from the Lawyers' Fund for Client Protection that a check drawn on his Citibank escrow account, entitled "MICHAEL SAPIO, ESQ., ATTY ESCROW ACCOUNT-IOLA" (hereinafter the escrow account), had been dishonored due to insufficient funds.

Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary for his own use and benefit, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). Based upon the respondent's admissions and the evidence adduced, we find the facts are as follows:

In or about 2010, Verona Miles, the owner of a two-family home in Brooklyn, hired the respondent to collect rent from her tenants. At this time, Miles was an elderly New Jersey resident. As relevant here, the respondent received monthly

rental payments, in the amount of $1,200, from Jill Plevan, one of the tenants residing in the Brooklyn residence. Plevan's rent checks were made payable to the respondent, and he was required to deposit the checks into his escrow account. Although the respondent was required to promptly remit the Plevan rental funds to Miles, in fact, between in or about January 2012 and May 2012 he failed to do so. Instead, as confirmed by the respondent's bank records, the respondent misappropriated Miles's funds for his own use and benefit, as follows:

(a) In February, April, and May 2012, the respondent received rent checks from Plevan, totaling $3,600, but failed to deposit them in his escrow account;

(b) In January, March, April, and May 2012, the respondent made nine disbursements, totaling $3,613.74, from his escrow account for his own personal benefit, against funds received from Plevan and belonging to Miles, as follows:

| Date | Transaction | Amount | Recipient or Purpose |
|------|-------------|--------|----------------------|
| 01/23/12 | check #1073 | $452 | respondent |
| 01/24/12 | withdrawal | $547.60 | paid respondent's property insurance premium |
| 03/15/12 | check # 1075 | $400 | respondent |
| 03/22/12 | check # 1076 | $300 | respondent |
| 03/23/12 | check # 1077 | $400 | respondent |
| 04/20/12 | check # 1078 | $320 | respondent |
| 04/27/12 | debit | $183.59 | paid respondent's water bill |
| 05/03/12 | check # 1080 | $974.61 | respondent |
| 05/04/12 | debit | $ 35.94 | respondent purchased gasoline |

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to respond to the lawful demands of the petitioner, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

By letter dated July 12, 2012, the petitioner notified the respondent that a complaint had been initiated against him based upon a dishonored check drawn on his escrow account, and requested that he submit a written answer, along with certain bank and bookkeeping records, within 20 days of his receipt thereof. Although the respondent was granted an extension until September 26, 2012, he failed to submit an answer or provide the requested bank and bookkeeping records.

The petitioner made a second request by letter dated October 11, 2012, sent via certified mail, which directed the respondent

to submit his written answer, together with the previously requested bank and bookkeeping records, within 10 days of his receipt thereof. The respondent failed to respond.

After a third request was made by letter dated November 21, 2012, the respondent telephoned the petitioner on December 5, 2012, and advised that he would comply as soon as possible. Although the respondent further advised the petitioner, on December 10, 2012, that he would mail his answer and bank records by the end of the week, he failed to do so.

In mid-January 2013, the respondent again indicated that his response would be forthcoming, and he again failed to produce the requested answer and records. Thereafter, the respondent was given another extension by the petitioner in February 2013.

Some eight months after the petitioner's initial request, the respondent's answer, along with his bank and bookkeeping records, were finally received on March 25, 2013.

On October 8, 2013, the respondent appeared at the petitioner's offices for an examination under oath (hereinafter EUO). When questioned about certain checks and deposits, the respondent had few records and had difficulty recollecting the source of funds deposited in the escrow account. As such, the respondent was requested to produce additional documentation. The petitioner's request was memorialized by letter dated October 24, 2013. While the respondent was granted an extension, he failed to submit the additional documentation as requested.

The petitioner made a second request by letter dated January 24, 2014, sent via certified mail. After being afforded a further extension, by letter dated February 20, 2014, the respondent provided some, but not all, of the documents that were requested of him. The respondent sent additional documents by letter dated March 17, 2014. While the respondent agreed to submit the balance of the requested documentation no later than April 21, 2014, he failed to do so.

During a telephone call on June 3, 2014, the respondent advised the petitioner's staff that he was still gathering the requested information. By letter dated June 4, 2014, the respondent was directed to appear at the petitioner's offices on June 12, 2014, for his continued EUO. After the respondent failed to so appear, on June 27, 2014, he was served with a judicial subpoena to compel his appearance on July 14, 2014.

At the respondent's continued EUO on July 14, 2014, he produced the documentation requested of him. While the respondent was directed to produce additional bank statements in connection with his escrow account, he has failed to do so.

Charge three alleges that, based upon the factual specifications of charge two, the respondent failed to maintain and produce required bank and bookkeeping records, in violation of rule 1.15 (i) and (j) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge four alleges that, based upon the factual specifications of charges one through three, the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate sanction to impose, the respondent seeks consideration that his misconduct occurred during a period of personal family stress and that he quickly replaced the misappropriated funds. He also seeks consideration of his remorse, lack of disciplinary history, and evidence of good character. Nevertheless, we conclude that the respondent has engaged in serious misconduct by misappropriating client funds for his personal use. Notwithstanding the respondent's request to limit the sanction to a public censure, comparable cases from this Court have warranted a period of suspension (*see Matter of Velardi*, 131 AD3d 232 [2d Dept 2015]; *Matter of Tedeschi*, 123 AD3d 17 [2d Dept 2014]; *Matter of Byers*, 66 AD3d 155 [2d Dept 2009]). Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year.

ENG, P.J., MASTRO, RIVERA, DILLON and DICKERSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael Sapio, is suspended from the practice of law for a period of one year, commencing May 6, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 7, 2016. In such application, the respondent shall

furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Michael Sapio, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael Sapio, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).