[35 NYS3d 446]

In the Matter of ALAN MARK STEINMETZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 20, 2016

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Herzfeld & Rubin, P.C.*, New York City (*Lawton W. Squires* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated March 2, 2015, containing three charges of professional misconduct. After a pre-hearing conference held on July 22, 2015 and a hearing held on November 4, 2015, the Special Referee sustained all charges in a report dated December 11, 2015. Both the petitioner and the respondent now move for an order confirming the report of the Special Referee, and imposing such discipline upon the respondent as the Court deems appropriate.

Charge one alleges that the respondent misappropriated funds belonging to other persons, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent maintained an attorney trust account at Citibank, entitled "Alan M. Steinmetz LLC Attorney Trust Account IOLA," account number ending 3517 (hereinafter the attorney trust account). The respondent also maintained a personal account at Chase Bank, entitled "Alan Steinmetz," account number ending 0165 (hereinafter the Chase account).

In or about January 2014, the respondent represented Michael Schnorr and Stacey Schnorr in the sale of real property located in Holtsville, New York, to purchaser M. Heeger (hereinafter the Schnorr/Heeger transaction). The purchaser gave the respondent a $5,000 contract deposit, which he deposited in his attorney trust account on January 29, 2014. Pursuant to the contract of sale, the respondent was required to hold the contract deposit in his attorney trust account "for the benefit of the parties" until "closing or sooner termination."

Prior to the closing, the respondent made the following four disbursements from the Schnorr/Heeger contract deposit totaling $4,000, all of which were unrelated to the Schnorr/Heeger transaction:

| Date | Amount | Withdrawal/Transfer |
|------|--------|---------------------|
| 1/29/14 | $ 200 | Cash withdrawal |
| 1/31/14 | $1,000 | Transfer to Chase Account |
| 1/31/14 | $2,500 | Transfer to Chase Account |
| 2/03/14 | $ 300 | Cash withdrawal |

The closing of the Schnorr/Heeger transaction was held on February 12, 2014.

By virtue of the foregoing, charge two alleges that the respondent made cash withdrawals from his attorney trust account, and charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rules 1.15 (e) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.

Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the motions of the petitioner and the respondent to confirm the report of the Special Referee are granted.

In determining an appropriate sanction to impose, we note that the respondent has a prior disciplinary record, which includes an admonition and a caution. The respondent candidly admits to his "mistake" in this isolated transaction, but he hopes that his prompt remedial action, expressed remorse, and the evidence of his "good deeds and good character," in a legal career spanning more than 27 years will be considered as factors in mitigation.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Sapio, 138 AD3d 127 [2016]; Matter of Byers, 66 AD3d 155 [2009]).

ENG, P.J., MASTRO, RIVERA, DILLON and COHEN, JJ., concur.

Ordered that the motions of the petitioner and the respondent to confirm the report of the Special Referee are granted; and it is further,

Ordered that the respondent, Alan Mark Steinmetz, is suspended from the practice of law for a period of one year, commencing August 22, 2016 and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 22, 2017. In such application, the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion

and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Alan Mark Steinmetz, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Alan Mark Steinmetz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).