[52 NYS3d 126]

In the Matter of ANTHONY V. GUARDINO (Admitted as ANTHONY VINCENT GUARDINO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 19, 2017

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Scalise & Hamilton LLP*, Scarsdale (*Deborah A. Scalise* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter petitioner) served the respondent with a petition dated December 8, 2015, containing five charges of professional misconduct. After a preliminary conference held on April 26, 2016, and a hearing conducted on June 9, 2016, the Special Referee sustained all charges in a report dated August 26, 2016. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The affirmation in response submitted by the respondent's counsel requests that a public censure or a suspension no greater than one year be imposed.

Charge one alleges that the respondent engaged in a pattern and practice of misappropriating escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows:

The respondent maintained an attorney escrow account at JPMorgan Chase Bank, account No. ending 4165, entitled "IOLA-Anthony Guardino" (hereinafter escrow account). Between April 2, 2013, and December 17, 2013, the respondent deposited into, and paid from his escrow account, a total of $197,199.99 representing real estate down payments received on behalf of five clients, as follows:

| Date | Deposit | Client | Payout Date |
|------|---------|--------|-------------|
| 4/02/2013 | $ 20,000.00 | Villa | 9/18/2013 |
| 6/03/2013 | $ 65,250.00 | Taylor | 8/22/2013 |
| 6/20/2013 | $ 33,999.99 | Golden | 8/22/2013 |
| 7/19/2013 | $ 54,000.00 | Shaw | 9/17/2013 |
| 7/30/2013 | $ 23,950.00 | Continental | 12/17/2013 |

Between July 30, 2013, and August 22, 2013, the balance in the respondent's escrow account fell below the $197,199.99 he was required to preserve, as follows:

| Date | Account Balance |
|------|-----------------|
| 7/30/2013 | $ 196,325.50 |
| 8/14/2013 | $ 194,454.94 |

Between August 22, 2013, and September 17, 2013, the respondent was required to maintain $97,950 in escrow on behalf of clients Villa, Shaw, and Continental. However, the balance in the respondent's escrow account fell below that amount as follows:

| Date | Account Balance |
|------|-----------------|
| 8/29/2013 | $ 54,128.32 |
| 8/30/2013 | $ 51,522.92 |
| 9/09/2013 | $ 45,022.92 |

On October 2, 2013, the respondent deposited a real estate down payment into his escrow account in the amount of $8,250 on behalf of a client named Love, which he was required to maintain in escrow until December 23, 2013. As of October 9, 2013, the balance in the respondent's escrow account was $1,885.90.

Charge two alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows:

Between July 2012 and September 2012, the respondent represented Stasi Abramson, the executor of the estate of Neal Abramson, in the sale of real property located at 2555 East 24 Street, Brooklyn, NY, to Mikhail Khanunov and Natalya Khanunova. He also acted as the real estate broker. On or about July 3, 2012, the respondent deposited $32,500 into his escrow account, representing the down payment on the contract of sale, which he was required to maintain in escrow until the closing of title on September 25, 2012.

Prior to the closing, between July 27, 2012, and September 21, 2012, the respondent issued seven checks payable to himself, totaling $31,000, representing his real estate broker commissions and legal fees in the Abramson transaction. As of September 25, 2012, the date of closing, the respondent was holding only $1,500 in escrow in the Abramson transaction.

Charge three alleges that the respondent engaged in an impermissible conflict of interest in three real estate transactions, in violation of rule 1.7 of the Rules of Professional Conduct (22 NYCRR 1200.0) as follows:

At all relevant times, the respondent was a licensed real estate broker and the sole shareholder of Guardino Real Estate, Inc. Between July 2012 and September 2013, the respondent acted as both the attorney and real estate broker in the following transactions: (1) the sale of real property located at 2555 East 24th Street, Brooklyn, NY, by Stasi Abramson, the executor of the estate of Neal Abramson; (2) the sale of real property located at 2588 East 26th Street, Brooklyn, NY, by Joan Golden; and (3) the sale of a cooperative apartment located at 15 Jones Street, Apt 4G, New York, NY, by Arje Shaw and Esther Shaw.

In the foregoing transactions, the respondent received broker's commissions totaling $61,200, and was also paid legal fees in connection with those transactions.

Charge four alleges that between July 2012 and October 2013, the respondent commingled personal and/or business funds with funds entrusted to him as a fiduciary, incident to the practice of law, in violation of rule 1.15 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). Between July 2012 and October 2013, the respondent deposited personal and/or business funds into his escrow account while fiduciary funds were on deposit in the escrow account.

Charge five alleges that the respondent failed to maintain required bookkeeping records for his escrow account, in violation of rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). Specifically, the respondent failed to maintain a ledger book or similar record for his escrow account showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the account, and the names of all persons to whom such funds were disbursed.

In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly

sustained all charges. Accordingly, the petitioner's motion to confirm the findings of the Special Referee is granted.

In mitigation, the respondent asks this Court to consider, inter alia, that he did not intend to permanently deprive clients of their funds, he replenished the escrow account shortage, and he has ceased acting as both an attorney and real estate broker in any real estate transaction. Further, he points to his cooperation with the petitioner's investigation, the personal stresses he endured both before and during the relevant time period, the evidence of his good character, and the newly implemented remedial measures concerning his record keeping. In view of the "non-venal . . . nature" of the respondent's conduct and the foregoing mitigating circumstances, the respondent's counsel contends that the facts of this case support a public censure, or a sanction no greater than a one-year suspension.

Here, at a time when the respondent was under financial pressure, he engaged in a pattern and practice of misappropriating funds for his personal use, which conduct resulted in a continuing shortage in the escrow account. We find that the respondent's conduct is distinguishable from the "non-venal" conduct suggested by the respondent's counsel (*see Matter of Velardi*, 131 AD3d 232 [2015]). Further, the respondent engaged in a pattern of commingling personal and/or business funds with funds entrusted to him as a fiduciary, failed to maintain all required bank and bookkeeping records, and improperly obtained both real estate broker's commissions and legal fees in three seParate transactions. Lastly, we note that the respondent's disciplinary history is not unblemished and includes an admonition for engaging in a conflict of interest.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of two years (*see Matter of Woitkowski*, 84 AD3d 15 [2011]).

ENG, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Anthony V. Guardino, admitted as Anthony Vincent Guardino, is suspended from the practice of law for a period of two years, commencing May 19, 2017, and continuing until further order of this Court. The respon-

dent shall not apply for reinstatement earlier than November 19, 2018. In such application (*see* 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that, during the period of suspension and until further order of this Court, the respondent, Anthony V. Guardino, admitted as Anthony Vincent Guardino, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Anthony V. Guardino, admitted as Anthony Vincent Guardino, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Anthony V. Guardino, admitted as Anthony Vincent Guardino, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).