[52 NYS3d 873]

In the Matter of RANDALL G. LAWRENCE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 31, 2017

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Randall G. Lawrence*, Katonah, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter petitioner) served the respondent with a petition dated December 16, 2016, containing 10 charges of professional misconduct. The respondent filed an answer dated January 4, 2017. The petitioner and the respondent now move pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent, requesting the imposition of a two-year suspension, and that the effective date of the suspension be 20 days from the date of any order deciding this motion to allow the respondent time to wind down his affairs.

As provided for in 22 NYCRR 1240.8 (a) (5) (i) (a), the parties have provided a conditional stipulation of facts dated January 9, 2017. By virtue of the stipulation, the parties have agreed that the underlying factual specifications are not in dispute, and that the respondent admits, among other things, that he converted for his own use down payment funds entrusted to him as a fiduciary in three real estate transactions; failed to properly designate a checking account as an attorney escrow, trust, or special account; failed to issue withdrawals by check to a named payee; and took an unsecured loan from a client without memorializing the terms, in violation of rules 1.15 (a), (b), and (e), and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.

The parties have agreed, inter alia, to the following factors in mitigation: the respondent's cooperation with the petitioner; his 29 years in practice with an otherwise unblemished disciplinary record; certain personal circumstances, including the respondent's depression after a divorce; his service as a Vietnam veteran and as a 20-year veteran of the Bedford Police Department in Westchester County; and the charitable

and volunteer services he rendered, including pro bono legal services.

The parties now move in this Court for an order suspending the respondent from the practice of law for a period of two years. In the joint affirmation in support of the motion, the respondent conditionally admits the facts set forth in the stipulation of facts, and consents to the agreed discipline, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline.

Based upon the foregoing, we grant the motion for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5), and find that a suspension from the practice of law for a period of two years is warranted in view of the respondent's admitted misconduct as well as the mitigating factors presented herein (*see Matter of Guardino*, 150 AD3d 85 [2d Dept 2017]).

ENG, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.

Ordered that the branch of the joint motion which is pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent, seeking the respondent's suspension from the practice of law for two years, is granted, and the motion is otherwise denied as unnecessary; and it is further,

Ordered that the respondent, Randall G. Lawrence, is suspended from the practice of law for a period of two years, commencing June 30, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 31, 2018. In such application (*see* 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that, during the period of suspension and until further order of this Court, the respondent, Randall G. Lawrence, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Randall G. Lawrence, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Randall G. Lawrence, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).