Matter of Fischer (2017 NY Slip Op 09278)





Matter of Fischer


2017 NY Slip Op 09278


Decided on December 29, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOSEPH J. MALTESE, JJ.


2016-11604 

[*1]In the Matter of James H. Fischer, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; James H. Fischer, respondent. (Attorney Registration No. 2511020)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. By decision and order on motion dated April 5, 2017, this Court, inter alia, referred the issues raised in the verified petition dated October 18, 2016, the respondent's answer dated December 14, 2016, and the statements of disputed and undisputed facts filed by each party, to Norma Giffords, Esq., as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on January 20, 1993.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Long, Tuminello, LLP, Bayshore, NY (David Besso and Michelle Aulivola), for the respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated October 18, 2016, containing two charges of professional misconduct. After a hearing held on June 13, 2017, the Special Referee sustained both charges in a report dated August 22, 2017. The petitioner now moves for an order confirming the report of the Special Referee and imposing such discipline upon the respondent as the Court deems appropriate. In an affirmation in response, the respondent's counsel acknowledges that the respondent has admitted the factual allegations underlying the charges, and in view of the evidence adduced and the mitigating factors presented, requests that the matter be referred back to the petitioner for a private reprimand or at most, the Court impose a public censure.
The charges emanate from a dishonored check issued from the respondent's attorney trust account at Chase Bank, account no. ending 4063, entitled "James Fischer DBA Fischer Attorney At Law Trust Account IOLA" (hereinafter the trust account). Based upon the respondent's admissions, his sworn testimony, and the evidence adduced, in relevant part, the facts are as follows:
The Reyes Matter
The respondent represented an infant, Elizabeth Reyes, who had been a passenger in a vehicle which was involved in an automobile accident. In or about July 2015, Ms. Reyes' matter was settled for $10,000. The respondent received and deposited into the trust account two settlement checks from Geico General Insurance Company, each made payable to "Jose Reyes as custodian of Elizabeth Reyes." The first check, in the sum of $3,481.91, was deposited on July 27, 2015, and the second check, in the sum of $6,518.09, was deposited the following day, July 28, 2015. From the Reyes settlement proceeds, the respondent issued three checks, as follows:
(1) Check no. 1161, dated August 4, 2015, in the amount of $2,481.91, payable to [*2]"Steven Smith," his co-counsel for the Reyes matter. This check cleared the trust account on August 10, 2015;
(2) Check no. 1162, dated September 5, 2015, in the amount of $1,000, payable to the respondent for his legal fee. This check cleared the trust account on September 8, 2015;
(3) Check no. 1160, dated August 4, 2015, in the amount of $6,518.09, payable to "Jose Reyes as custodian for Elizabeth Reyes." When this check was presented on October 30, 2015, it was dishonored, as the trust account balance was $196.69, well below the $6,518.09 due the respondent's client.
By letter dated December 1, 2015, the Lawyers' Fund for Client Protection forwarded to the petitioner and the respondent a copy of a report dated October 30, 2015, from Chase Bank indicating that respondent's check no. 1160 had been returned. A sua sponte complaint against the respondent was initiated by the petitioner based upon the dishonored check report. The respondent eventually paid the settlement funds by forwarding Mr. Reyes a cashier's check, dated January 4, 2016, in the sum of $6,518.09, and made payable to "Jose Reyes as custodian for Elizabeth Reyes."
The Washington Avenue Transaction
In or about November 2015, the respondent represented 14 Washington Avenue, LLC, as seller of real property located at 14 Washington Avenue, East Hampton, New York (hereinafter the Washington Avenue transaction). The agreed sales price was $1,240,000, and a down payment of $124,000 was given by the purchaser, Ed's Landscapes and Services Corp., to the respondent, which he deposited into his trust account on November 5, 2015. The respondent was required to hold the down payment in the trust account until closing or as otherwise directed by the parties.
Thereafter, the closing did not occur, and a dispute over the down payment arose between the parties, which resulted in litigation. As reflected in the respondent's bank statements, between December 3, 2015, and February 8, 2016, the respondent made the following six online transfers from the trust account to his operating account, which totaled $11,400:
DateAmount
12/03/15$ 50
12/16/15$4,500
12/21/15$ 850
12/24/15$2,000
01/04/16$2,500
02/08/16$1,500
After the foregoing transfers were made, the balance in the respondent's trust account on February 8, 2016, was $112,696.69, which was below the $124,000 he was required to maintain for the Washington Avenue transaction.
The litigation stemming from the Washington Avenue transaction was settled pursuant to a written agreement dated March 16, 2016. Therein, the parties agreed to terminate the transaction and release the funds as follows: the prospective purchaser (Ed's Landscapes and Services Corp.) would receive $104,000, and the respondent's client (14 Washington Avenue, LLC) would receive $20,000.
Charges one and two of the petition allege that the respondent breached his fiduciary duty by misappropriating funds entrusted to him in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), in connection with the Reyes matter and the Washington Avenue transaction, respectively.
At the hearing, the respondent claimed that the Reyes misappropriation was not intentional, but was the product of a bookkeeping error, which caused an over disbursement in another client matter. He testified that after the Reyes check was dishonored, he wanted to "double check" his records before providing Mr. Reyes with the cashier's check in January 2016. Concerning his withdrawal of the Washington Avenue transaction funds, he claimed that the parties had reached a verbal agreement, and his client was entitled to $20,000. He admitted that prior to the execution of the written agreement, he made multiple transfers to his operating account without the knowledge or consent of his client or the purchaser's attorney.
Notwithstanding his contentions, the Special Referee found, and we agree, that the shortfall in the respondent's account was more than a bookkeeping error. Here, the record reflects that, once the Reyes check had been dishonored, the respondent did not immediately reimburse his client. It was not until two months later (and approximately five months after he received the [*3]settlement funds), on January 4, 2016, that the respondent obtained a cashier's check for Reyes. During the interim, beginning on December 3, 2015, the respondent made four transfers to his operating account (totaling $7,400), and a fifth transfer of $2,500 on the day that he obtained a cashier's check for Reyes. We find that the respondent's failure to immediately remedy the Reyes misappropriation, and his continued removal of funds from the trust account before making Reyes whole, belie his claim that the delay was required to "double check" his records. Rather, such conduct evidences an intentional misappropriation of client funds. Moreover, notwithstanding his knowledge that there was a trust account deficiency, the respondent removed disputed escrow funds being held for the Washington Avenue transaction, without the knowledge or consent of the parties to the transaction. Although the respondent claims that there was a verbal agreement settling the dispute which he relied upon to make the operating account transfers, the Special Referee found, and we agree, that such claim is without merit, as the matter was in litigation and the parties had not executed a written settlement agreement until March 16, 2016.
In view of the evidence adduced and the respondent's admissions, the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate sanction to impose, the respondent's counsel contends that the misconduct occurred during a period when the respondent had responsibilities in connection with family businesses, and he was experiencing physical effects of injuries sustained in a 2013 automobile accident. In mitigation, among other things, he offers evidence of his good character, as well as his cooperation with the petitioner's investigation. We note that the respondent's disciplinary record is not unblemished, as he has received two admonitions for, among other things, his neglect of legal matters, failure to timely pay an arbitration award, and failure to timely cooperate with a grievance investigation.
Under the totality of the circumstances, notwithstanding the mitigating factors advanced by the respondent and the request that the matter be referred back to the petitioner for a private reprimand or, at most, a public censure, we find that a suspension from the practice of law for a period of two years is warranted (see Matter of Guardino, 150 AD3d 85).
ENG, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, James H. Fischer, is suspended from the practice of law for a period of two years, commencing January 29, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 29, 2019. In such application (see 22 NYCRR 1240.16 and 691.11), the respondent shall furnish satisfactory proof that (1) during said period he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) he has otherwise properly conducted himself; and it is further,
ORDERED that the respondent, James H. Fischer, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, James H. Fischer, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, James H. Fischer, has been issued a secure pass [*4]by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court