Matter of Newman (2021 NY Slip Op 01259)





Matter of Newman


2021 NY Slip Op 01259


Decided on March 3, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2019-13002

[*1]In the Matter of Scott Leonard Newman, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Scott Leonard Newman, respondent. (Attorney Registration No. 2913291)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, Scott Leonard Newman, for discipline on consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 16, 1998.



Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition dated November 14, 2019, and a verified petition dated October 25, 2019. The respondent filed an answer dated December 17, 2019. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a suspension from the practice of law for a period of one year. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated July 13 and July 15, 2020, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on July 8, 2020, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
On May 19, 2015, the respondent, as attorney for the seller in a real estate transaction, deposited down payment funds in the amount of $28,000 into his attorney escrow account located at Citibank, account ending in 9562, entitled "The Newman Law Firm Attorney Trust Account" (hereinafter escrow account), and as part of this transaction, he was required to maintain those funds in his escrow account until the property's closing. The respondent, however, prior to the March 28, 2016 closing, disbursed funds unrelated to this transaction, causing his escrow account balance to fall well below what he was required to maintain, as follows:
On July 31, 2015, the respondent withdrew $22,000 from his escrow account and transferred those funds to Citibank account number XXXX2283, a personal checking account belonging to the respondent and his wife. This disbursement reduced the balance in the escrow account to $6,000, $22,000 below the amount the respondent was required to maintain.
On November 13, 2015, the respondent withdrew $5,500 from his escrow account, thereby reducing the balance to $500, which was $27,500 below the amount the respondent was required to maintain.
On March 15, 2016, the respondent made an ATM cash withdrawal of $250 from his escrow account, thereby reducing the balance to $250, which was $27,750 below the amount the respondent was required to maintain.
On March 17, 2016, the respondent deposited $16,000 in earned legal fees and expenses from an unrelated matter into his escrow account.
On March 17, 2016, the respondent made a $250 ATM cash withdrawal from his escrow account, thereby reducing the balance to $16,000, which was $12,000 below the amount the respondent was required to maintain.
On March 21, 2016, the respondent transferred $300, via ATM, from his escrow account to Citibank account number XXXX9386, his attorney operating account, and also withdrew $10,000 and deposited it into Citibank account number XXXX0819, which was a personal savings account belonging to the respondent and his wife.
Following these transactions, as of March 21, 2016, the balance in his escrow account was $5,700, which was $22,300 below the amount the respondent was required to maintain.
Subsequently, on March 28, 2016, the day the real estate transaction closed, the respondent withdrew $28,000 from his personal savings account and deposited those funds into his escrow account, raising the escrow account balance to $33,700. At the closing later the same day, the respondent issued six checks totaling $21,690 from his escrow account, leaving $6,310 of the down payment funds remaining on deposit. Of those remaining funds, the respondent was required to maintain $4,095 for payment of taxes related to the sale. Despite this, prior to the satisfaction of the tax liabilities, the respondent on July 18, 2016, withdrew $5,000 from his escrow account, reducing the balance to $2,010, below what he was required to maintain.
Thereafter, the respondent on or about March 23, 2017, issued a check in the amount of $4,095 in satisfaction of the outstanding tax fees, however, he did so from his attorney operating account.
In addition, throughout the relevant period, the respondent failed to maintain records of all deposits into and withdrawals from his escrow account, showing the date, source, and description of each item deposited, and the date, payee, and purpose of each withdrawal or disbursement; and failed to maintain a contemporaneous ledger book or similar record for the account, showing the source of all funds deposited into it, the names of all persons for whom the funds were held, and the description and amounts of all persons to whom these funds were disbursed.
As required by 22 NYCRR 1240.8(a)(5)(ii), the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts, and that those facts establish that he (1) misappropriated funds entrusted to him as a fiduciary incident to his practice of law; (2) commingled personal funds with funds entrusted to him as a fiduciary, incident to his practice of law; (3) failed to make or maintain required bookkeeping records for his escrow account; and (4) engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rules 1.15(a) and (d), and 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The respondent consents to the agreed discipline of a one-year suspension, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline.
In mitigation, the respondent asserts, inter alia, that this Court should consider his inexperience with escrow accounts and the subject transaction was his first and only real estate transaction; lack of client harm; that during the relevant period he experienced personal and professional stresses; his volunteer activities which include, among other things, pro bono legal assistance; his sincere remorse; the remedial measures implemented; his cooperation with the Grievance Committee's investigation; and his unblemished disciplinary record.
As to the appropriate sanction, the parties contend that a one-year suspension is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a one-year suspension from the practice of law is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the mitigating factors presented herein (see Matter of Steinmetz, 142 AD3d 175; Matter of Sapio, 138 AD3d 127).
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and MILLER, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline [*2]on consent is granted; and it is further,
ORDERED that the respondent, Scott Leonard Newman, is suspended from the practice of law for a period of one year, commencing, April 5, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 5, 2022. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Scott Leonard Newman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Scott Leonard Newman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Scott Leonard Newman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court