Matter of King (2021 NY Slip Op 04712)





Matter of King


2021 NY Slip Op 04712


Decided on August 18, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
BETSY BARROS, JJ.


2019-09136

[*1]In the Matter of Paul R. King, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Paul R. King, respondent. (Attorney Registration No. 4452421)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition and a verified petition, both dated July 31, 2019, and the respondent served and filed a verified answer dated August 20, 2019. Subsequently, on September 3, 2019, the Grievance Committee filed a statement of disputed and undisputed facts, to which the respondent filed a response dated September 12, 2019. By decision and order on application of this Court dated November 6, 2019, the issues raised were referred to the Honorable Randall T. Eng, as Special Referee, to hear and report. By decision and order on motion of this Court dated December 31, 2019, the matter was reassigned to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on November 20, 2006.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Foley Griffin LLP, Garden City, NY (Thomas J. Foley of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated July 31, 2019, containing three charges of professional misconduct. By virtue of his verified answer dated August 20, 2019, the respondent admitted the factual specifications underlying the charges and requested that the matter be referred to a Special Referee for a hearing on mitigation. After a hearing on August 27, 2020, the Special Referee submitted a report dated October 14, 2020, in which he sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's counsel has submitted an affirmation in response, in which counsel does not oppose the findings of the Special Referee that sustained the charges, and requests that the Court, in view of the mitigating circumstances presented, impose no more than a public censure or, in the alternative, a stayed suspension.
The Petition as Amended
The petition, as amended, alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law (charge one) and commingled funds entrusted [*2]to him as a fiduciary with personal funds (charge two), in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), and engaged in conduct adversely reflecting on his fitness as a lawyer (charge three), in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based upon the following factual specifications:
By order of reference dated August 26, 2016, the respondent was appointed referee in a foreclosure matter entitled MTGLQ Investors, L.P. v DeLaRosa, commenced in the Supreme Court, Nassau County, under Index No. 10882/11 (hereinafter the foreclosure action), concerning property located at 87 Archer Street in Freeport (hereinafter the Archer property). At a January 23, 2018 foreclosure auction, the Archer property was purchased by Sara Madden.
Pursuant to the terms of sale dated January 23, 2018, Madden was to provide the respondent with a down payment of 10% of the purchase price. The terms of sale further explicitly prohibited the use of cash as a means of payment and, instead, required that the payment be made by way of cashier's and/or bank or certified check. Notwithstanding, Madden paid the respondent the $17,500 down payment by a combination of cash and postal money orders. Later the same day, the respondent deposited the Madden down payment into his operating account maintained at Chase Bank, entitled "Law Office of Paul R. King P.C.," account ending in 3705 (hereinafter the operating account). At the time of this deposit, the operating account contained $8,504.88 of the respondent's personal funds.
Thereafter, although the respondent was required to maintain $17,500 until the closing of the Archer property, on or about February 1, 2018, the balance in the operating account had been reduced to $4,235.36, and on or about February 6, 2018, the balance in the operating account had been reduced to negative $1,970.61.
The respondent thereafter failed to meaningfully respond to repeated attempts by Madden and by the bank's counsel, Knuckles, Komosinski & Manfro, LLP, to close the sale of the Archer property. Subsequently, by order of the Supreme Court dated June 5, 2018 (Hopkins, Ct. Atty. Ref.), the respondent was directed to conclude the sale on or before June 18, 2018.
On June 13, 2018, the respondent opened an attorney trust account at Citibank, entitled "Law Offices of Paul R. King, P.C. Attorney Trust," account ending in 8186 (hereinafter the trust account). On June 18, 2018, at a time when the operating account balance was only $224.08, the respondent deposited $17,500 by way of cash and postal money orders into the trust account. On the same day, he disbursed $17,500 from the trust account to the bank's counsel, Knuckles, Komosinski & Manfro, LLP. The Archer property sale ultimately closed on June 26, 2018.
Hearing Evidence
As to the charges, the respondent admitted to the misconduct as alleged in the petition, as amended. Specifically, the respondent testified at the hearing that after receiving the funds in the foreclosure action, he failed to deposit them into an attorney trust account as required, and instead deposited them into the operating account. Further, the respondent admitted that after he deposited the funds, they were dissipated, and at one point, the balance in the operating account was reduced to negative $2,229.80, well below the amount he was required to maintain. The transactions in the operating account resulting in the depleted balance were unrelated to any client matter. Additionally, the respondent acknowledged that despite multiple requests by the parties for him to complete the transaction, he failed to do so until being compelled by order of the Supreme Court.
The respondent explained that during the period of the underlying misconduct, he had been experiencing considerable personal and professional stresses, and that "[i]t wasn't [his] intention to deprive anyone of their funds."
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, we have considered the substantial mitigation presented, including the considerable personal challenges the respondent was dealing with at the relevant time; his remorse; the lack of venality; the lack of client harm; his cooperation with the Grievance Committee's investigation; remedial measures taken; the character evidence; the lack of prior disciplinary history; and the evidence of civic and charitable activity, among others.
While the respondent requests a sanction no more severe than a public censure or, in [*3]the alternative, a stayed suspension, we find that the respondent committed serious misconduct by misappropriating funds entrusted to him in his role as a fiduciary.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Sapio, 138 AD3d 127).
LASALLE, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Paul R. King, is suspended from the practice of law for a period of one year, commencing September 17, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 18, 2022. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Paul R. King, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Paul R. King, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Paul R. King, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court