[921 NYS2d 74]

In the Matter of MATTHEW W. WOITKOWSKI (Admitted as MATTHEW WILLIAM WOITKOWSKI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 22, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

*Michael S. Ross*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing nine charges of professional misconduct. The Grievance Committee withdrew charge seven prior to the commencement of the hearing.

After a hearing, the Special Referee sustained the eight remaining charges. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves (1) to confirm the Special Referee's findings with respect to charges one, two, four, five, six, eight, and nine, and those portions of charge three as alleged violations of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]) and to confirm the Special Referee's findings with respect to mitigation in this case, (2) to modify the Special Referee's findings with respect to charge three to find that the respondent did not violate Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), which prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation, and (3) to impose a public censure.

Charge one alleged that the respondent engaged in a pattern and practice of maintaining insufficient funds on deposit in his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

Between November 1, 2007 and December 31, 2008, the respondent maintained an IOLA account at Commerce (now TD) Bank, first entitled "IOLA/Woitkowski & Schmidt PC Attorney Trust Account" and later "IOLA/Matthew Woitkowski Esq. Attorney Trust Account," into which he deposited funds entrusted to him as a fiduciary, incident to his practice of law.

On or about November 1, 2007, the respondent was required to maintain at least $109,000 on deposit in his IOLA account to cover outstanding fiduciary obligations on behalf of eight client matters. On November 1, 2007, the balance in the respondent's IOLA account was only $86,570.70. From November 19, 2007 through July 31, 2008, the respondent further depleted that account by $28,550. During that interval, the respondent failed to maintain sufficient funds on deposit in that account to cover all outstanding fiduciary obligations in connection with five additional client matters.

Between approximately November 1, 2008 and November 17, 2008, the respondent failed to maintain sufficient funds on deposit in his IOLA account to cover all continuing fiduciary obligations in connection with three of his ongoing client matters.

Charge two alleged that the respondent engaged in a pattern and practice of drawing IOLA checks against insufficient funds, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On or about March 12, 2008, a check drawn on the respondent's IOLA account for $25,000 was returned for insufficient funds. On or about March 25, 2008, a check drawn on that same IOLA account in the sum of $3,528.25 was returned for insufficient funds. On or about March 27, 2008, checks drawn on the same IOLA account in the sums of $5,250 and $2,476 were returned for insufficient funds. On or about March 27, 2008, a check drawn on the same IOLA account in the sum of $445 was paid against insufficient funds.

Between approximately November 17, 2008 and November 19, 2008, three checks drawn on the respondent's IOLA account in the sums of $17,552.25, $15,556.90, and $24,900 were returned for insufficient funds.

Charge three alleged, in pertinent part, that the respondent violated his fiduciary duty, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On or about November 17, 2007, the respondent represented C&C PA Corp. in connection with its sale of a house to Mikhael Abov and Frida Abova. The respondent agreed to hold the sum of $28,550 in escrow pending completion of work on the property. The respondent failed to hold that sum in escrow and failed to disclose this to the purchasers or their attorney, all of whom relied on the respondent's agreement to hold the funds.

Charge four alleged that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On or about November 19, 2007, the respondent drew a check from his IOLA account in the sum of $28,550 to C&C PA Corp. On or about November 20, 2007, that check cleared against other clients' funds on deposit in his IOLA account.

Charge five alleged that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On or about March 3, 2008, the respondent represented Christopher Bye in connection with his sale of real property to Sandra Fernandez and Steven Fernandez. He received the sum of $17,193.23 to hold in escrow, but disbursed the sum of $24,698.28 via two IOLA checks. Between March 3, 2008 and March 10, 2008, those two IOLA checks cleared against other clients' funds on deposit in the respondent's IOLA account.

Charge six alleged that the respondent converted client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On or about November 10, 2008, the respondent represented John A. Greco in connection with his sale of real property and wrote seven checks on his IOLA account. Between November 13, 2008 and November 19, 2008, four of those checks, totaling $23,814.75, cleared against other clients' funds on deposit in the IOLA account.

Charge seven was withdrawn by the Grievance Committee.

Charge eight alleged that the respondent failed to maintain required bookkeeping records for his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (d) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [d]; 1200.3 [a] [7]).

The respondent failed to maintain a complete and accurate ledger or similar record detailing deposits into and withdrawals from his IOLA account, as required by the Code of Professional Responsibility.

Charge nine alleges that the respondent engaged in an impermissible conflict of interest, in violation of Code of Professional Responsibility DR 5-101 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.20 [a]; 1200.3 [a] [7]).

Between approximately November 2007 and December 2008, the respondent owned and operated Real Abstract, P.C. (hereinafter Real Abstract), with offices on Staten Island. During that time, the respondent also operated a law office at those premises and represented buyers and sellers in residential real estate transactions. During that time, the respondent procured title abstract services and title insurance for buyers he represented in those transactions through Real Abstract, for which they paid sums of money to that entity. The respondent failed to disclose the implications of his personal interest in Real Abstract to those buyers.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained charges one, two, four, five, six, eight, and nine, and those portions of charge three as alleged violations of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]). The respondent's cross motion to confirm should be granted to that extent. The Grievance Committee's motion to confirm should be granted to the extent of sustaining charges one, two, four, five, six, eight, and nine in their entirety, and that portion of charge three as alleged a violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]) only and the motion should otherwise be denied.

In determining an appropriate measure of discipline to impose, the Grievance Committee noted that the respondent was issued a letter of caution on February 29, 2008 for making a cash withdrawal from his escrow account, failing to make a record of that transaction, issuing a check on or about June 15, 2007 which was returned for insufficient funds, maintaining the balance of a retainer in escrow without eliciting an agreement from the client to treat same as client funds, and failing to notify the Office Court Administration of a change of address within 30 days.

The respondent presented character evidence demonstrating his high regard in the legal community and his reputation for the character traits of honesty, integrity, and adherence to ethical standards. The respondent asks the Court to consider the remedial measures undertaken to insure that his misconduct does not reoccur, including retaining ethics counsel Michael Ross to guide him through the process and retaining a certified public accountant to assist him in setting up and maintaining fully reconciled IOLA account general ledgers and individual cli-

ent ledgers. The respondent ceased using two escrow accounts and maintains only an account at Richmond County Savings Bank. He has implemented records to insure full traceability of all funds and has abandoned the use of a QuickBooks general ledger. He now compares monthly bank statements with his computer records.

Balancing the mitigation evidence with the respondent's disciplinary history and the fact that three of the charges are couched in terms of conversion, the respondent is suspended from practice of law for a period of two years.

PRUDENTI, P.J., RIVERA, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that charges one, two, four, five, six, eight, and nine and those portions of charge three as alleged violations of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]) are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part is granted to the extent that charges one, two, four, five, six, eight, and nine, and those portions of charge three as alleged violations of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]) are sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Matthew W. Woitkowski, admitted as Matthew William Woitkowski, is suspended from the practice of law for a period of two years commencing April 22, 2011, and continuing until further order of this Court; the respondent shall not apply for reinstatement earlier than six months prior to the expiration of that period, and in that application, the respondent shall furnish satisfactory proof that during that period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Matthew W. Woitkowski, admitted as Matthew Wil-

liam Woitkowski, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Matthew W. Woitkowski, admitted as Matthew William Woitkowski, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).