Matter of Weiss (2017 NY Slip Op 09143)





Matter of Weiss


2017 NY Slip Op 09143


Decided on December 27, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 27, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
RUTH C. BALKIN
SHERI S. ROMAN, JJ.


2016-02579 

[*1]In the Matter of Abraham Chaim Weiss, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Abraham Chaim Weiss, respondent. (Attorney Registration No. 4371332)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. By decision and order on motion of this Court dated July 6, 2016, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a verified petition dated March 17, 2016, and the issues raised were referred to the Honorable Stewart A. Rosenwasser, as Special Referee, to hear and report. By decision and order on application of this Court dated August 9, 2016, the Honorable Stewart A. Rosenwasser was relieved as Special Referee, and the issues raised were referred to the Honorable Jerome M. Becker, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 26, 2006.



Gary L. Casella, White Plains, NY (Antonia Cipollone of counsel), for petitioner.
Scalise & Hamilton LLP, Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated March 17, 2016, containing eight charges of professional misconduct. After a hearing on November 15, 2016, the Special Referee issued a report sustaining all the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. In an affirmation in response, the respondent's counsel does not contest the findings of the Special Referee and requests that the Court impose a public censure or, at most, a suspension of no more than six months.
Charge one alleges that the respondent misappropriated funds on deposit in his attorney trust account maintained at JP Morgan Chase Bank, denominated "Abraham Weiss Attorney at Law Attorney Trust Account IOLA," and bearing an account number ending in 9223 (hereinafter trust account), incident to his practice of law, and ultimately converted the funds to his own use, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On June 25, 2014, the respondent deposited $10,000 into his trust account, which represented Yehuda Turner's down payment in the purchase of property from the respondent's client, Michael Herzog. The closing on the Turner/Herzog transaction occurred on September 29, 2014. On June 27, 2014, the respondent disbursed trust account check no. 1046, in the sum of $4,000, payable to "Rimon Naturals." This disbursement was an unauthorized and undocumented loan by the respondent to his friend Chaim Rosenberg. After check no. 1046 was negotiated, the balance in respondent's trust account was $6,009.60, which is below the $10,000 he was required to maintain [*2]for the Turner/Herzog transaction. Rosenberg repaid the loan on July 7, 2014, by delivering a $4,000 check to the respondent, drawn against an account entitled "Zichron Menachem, Inc." On July 11, 2014, the respondent deposited the $4,000 check received from Rosenberg into his personal account at JP Morgan Chase Bank.
Charge two alleges that the respondent misappropriated funds on deposit in the trust account incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On July 24, 2014, the respondent deposited $45,000 into the trust account, which he received from his client Shaye Braun in connection with Braun's anticipated purchase of property from Emanuel Horowitz. On July 29, 2014, before the Braun/Horowitz transaction closed, the respondent disbursed trust account check no. 1007, in the sum of $4,000, payable to "Tami Foods." This disbursement represented an unauthorized and undocumented loan by the respondent to Rosenberg. After check no. 1007 was negotiated, the balance in respondent's trust account was $47,009.50, which is below the $55,000 he was required to maintain for the Turner/Herzog and Braun/Horowitz transactions.
Charge three alleges that the respondent misappropriated funds on deposit in the trust account incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On September 8, 2014, the respondent deposited $30,000 into the trust account, which represented the down payment of Solomon Brecher and Esther Brecher for their purchase of property from the respondent's clients, Chaim Rosenberg and Goldy Rosenberg. On October 24, 2014, before the Brecher/Rosenberg transaction closed, the respondent disbursed trust account check no. 1051, in the sum of $5,000, payable to "Tami Foods." This disbursement represented an undocumented loan by the respondent to Chaim Rosenberg. The respondent did not obtain the Brechers' authorization to release a portion of their down payment to Chaim Rosenberg prior to the closing on the transaction. After check no. 1051 was negotiated, the balance in the respondent's trust account was $23,696.04, which is below the $30,000 he was required to maintain for the Brecher/Rosenberg transaction.
Charge four alleges that the respondent misappropriated funds on deposit in the trust account incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At the closing on the Brecher/Rosenberg transaction on January 26, 2015, the respondent disbursed five checks, totaling $21,959.82, against the trust account. Between January 30, 2015, and March 24, 2015, four of the five checks, totaling $19,872.35, were presented for payment and honored against the trust account, leaving the respondent with the obligation to maintain a minimum balance of $2,087.47 in the trust account for the Brecher/Rosenberg transaction. On April 1, 2015, the fifth check, no. 1052, in the sum of $2,087.47, was presented for payment against the trust account, but it was dishonored as the balance in the account was $1,163.23. Charge five alleges that the respondent commingled personal funds with funds on deposit in the trust account incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On January 12, 2015, the respondent withdrew $29,712.18 from his investment account at HSBC Securities and deposited the funds into his trust account where funds were on deposit incident to his practice of law. On January 14, 2015, the respondent deposited a $6,000 check, drawn against his wife's business account, into his trust account, where funds were on deposit incident to his practice of law.
Charge six alleges that the respondent misappropriated funds on deposit in the trust account and converted them to his own use, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On January 14, 2015, the respondent withdrew $43,372.65 from the trust account and obtained a cashier's check in that amount, payable to Caliber Home Loans, Inc., as payment toward his and his wife's personal mortgage arrears. Inasmuch as the respondent had a total of $35,712.18 in personal funds in the trust account, he misappropriated $7,660.47 of the funds on deposit in the trust account incident to his practice of law.
Charge seven alleges that respondent failed to make accurate entries of all financial transactions in his trust account in a ledger book or similar record of account kept by him in the regular course of his practice, at or near the time of the act, condition, or event recorded, in violation of rule 1.15(d)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge eight alleges that the respondent failed to obtain checks and deposit slips for the trust account that bear the title "Attorney Special Account," "Attorney Trust Account," or [*3]"Attorney Escrow Account," in violation of rule 1.15(b)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0), as the trust account checks and deposit slips identified the account as "Abraham Weiss Attorney at Law."
Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate sanction, we find that the respondent committed serious professional misconduct by making undocumented loans to his friend Chaim Rosenberg, depositing Chaim Rosenberg's loan repayment check into his personal account, commingling personal funds with client funds, and withdrawing client funds to pay his own mortgage arrears. The respondent's counsel seeks consideration of the following mitigating factors: the respondent's remorse and full cooperation in the petitioner's investigation and this proceeding; his full admission to all the charges; that he did not intend to permanently deprive, nor did he deprive, any client or third party of any money they were entitled to receive; the remedial measures he has implemented in his record-keeping practices to prevent reoccurrence; the character evidence; and his unblemished disciplinary record. Notwithstanding the mitigating factors advanced by the respondent, his misconduct was not the product of negligence, but reflects intentional misappropriation of client funds, in part, to his own use and benefit.
Under the totality of the circumstances, we find that a suspension from the practice of law for a period of two years is warranted (see Matter of Woitkowski, 84 AD3d 15).
ENG, P.J., MASTRO, RIVERA, BALKIN and ROMAN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Abraham Chaim Weiss, is suspended from the practice of law for a period of two years, commencing January 26, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 26, 2019. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Abraham Chaim Weiss, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Abraham Chaim Weiss, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Abraham Chaim Weiss, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court