Matter of Woitkowski (2024 NY Slip Op 01932)

Matter of Woitkowski

2024 NY Slip Op 01932

Decided on April 10, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
BARRY E. WARHIT, JJ.

2022-08694

[*1]In the Matter of Matthew William Woitkowski, an attorney and counselor-at-law. (Attorney Registration No. 2734929)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 13, 1996. By order to show cause dated November 15, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey, filed September 12, 2022.

Diana Maxfield Kearse, Brooklyn, NY (Paul Ryneski of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Matthew William Woitkowski, Staten Island, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order filed September 12, 2022, the Supreme Court of New Jersey suspended the respondent from the practice of law for a period of three months, effective October 11, 2022. The order was predicated on a decision dated December 22, 2021, of the Disciplinary Review Board (hereinafter DRB) of the Supreme Court of New Jersey.
The New Jersey Disciplinary Proceeding
The respondent was admitted to the New Jersey Bar in 1996. On December 22, 2021, the DRB issued a decision, which found that the respondent violated New Jersey Rules of Professional Conduct (hereinafter NJ RPC) rules 1.5(b) (failure to set forth in writing the basis or rate of a fee), 1.8(a)(1) (entering into a business transaction with a client without first obtaining a written consent), and (2) (entering into a business transaction with a client without first advising the client to seek independent legal counsel), 1.15(a) (negligent misappropriation of funds), (b) (failure to promptly deliver to a client or third person any funds the client or third person is entitled to receive), and (d) (failure to comply with the recordkeeping requirements), and 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). The DRB decision was based upon a stipulation of facts executed by the respondent and the New Jersey Office of Attorney Ethics, and an ethics hearing that was held on August 19, 2020.
As revealed in the DRB decision, in addition to his law practice, whereby he represented parties to real estate transactions, the respondent was also the sole owner of Real Abstract, P.C. (Real Abstract), a title agency. Real Abstract acted as a title agent for Old Republic National Insurance Company (hereinafter Old Republic), but only in New York State. Old Republic was the only underwriter used by Real Abstract in issuing title insurance to its New York clients. In New Jersey, Real Abstract operated only as a settlement agency, not as a title company. The [*2]respondent maintained a New Jersey attorney trust account (ATA) and, in connection with Real Abstract, a title escrow account (TEA) in New York.
Conflict of Interest and Improper Business Transactions
In conducting real estate closings in New Jersey, the respondent told clients that he had a "great relationship" with Old Republic, which offered title insurance in New Jersey. When representing buyers in New Jersey real estate transactions, the respondent also advised his clients that they needed to hire a settlement agent, and asked that they use Real Abstract, explaining that the cost would be the same regardless of which company served as settlement agent. Although the respondent received no remuneration when his New Jersey clients used Old Republic for their title insurance, he did receive a fee when he served as settlement agent through Real Abstract. In at least six New Jersey real estate matters, the respondent served as both attorney for the buyer and as settlement agent. Although the respondent contended that each of his clients knew that he owned Real Abstract, he did not fully disclose his interest in Real Abstract in writing, or advise clients that the same settlement agent services could be obtained from other providers. The respondent likewise did not advise his clients that they should seek independent legal counsel regarding their choice to retain Real Abstract as their settlement agent.
The DRB found that the respondent entered into business transactions with his real estate clients by asking them to use Real Abstract as settlement agent without first obtaining written consent or advising his clients to seek independent legal counsel regarding the transaction, in violation of NJ RPC rule 1.8(a)(1) and (2).
Failure to Inform Clients in Writing of Legal Fees and Failure to Maintain Copies of Compensation Agreements
The DRB further found that the respondent violated NJ RPC rule 1.5(b) when he failed to communicate the basis or rate of his fee for settlement services in writing to certain clients. The respondent claimed that he charged his real estate clients a flat rate fee, but he was unable to produce any of the emails or text messages that he claimed he routinely sent to clients confirming his flat rate fee. The DRB also found that the respondent violated NJ RPC rule 1.15(d) by failing to maintain copies of compensation agreements with his real estate clients, after the respondent's "thorough" search of his text messages and emails for a record of his communications confirming his flat rate fee was fruitless.
Failure to Promptly Deliver Client Funds and Negligent Misappropriation
When acting as a settlement agent for clients in real estate transactions, the respondent repeatedly charged clients an estimated fee for recording their deeds and mortgages. In each case, the respondent paid the recording fee, which was less than the estimate, and retained the difference as a "service fee" for recording the documents. The fee amount was not correlated to the time or work required to record a specific document and was separate from the respondent's legal fee. No service fee for Real Abstract was disclosed on the HUD-1 forms or Closing Disclosure forms provided by the respondent in connection with these transactions. Nonetheless, the respondent affirmed on each HUD-1 form that the settlement statements he prepared were a true and accurate account of the transactions and the disbursements therein. In a seven-year period, the respondent retained a total of $4,318 in excess recording fees as service fees. By February 2018, the respondent had issued refunds to the clients whose excess recording fees he had retained as a service fee.
The DRB nonetheless found that, by retaining these excess fees and failing to return them to his clients in at least 27 transactions, until he was under investigation, the respondent violated NJ RPC rule 1.15 (a) and (b).
Dishonesty, Fraud, Deceit or Misrepresentation
The DRB also found that, when the respondent confirmed that his HUD-1 forms were accurate and affirmed that the funds would be disbursed in accordance with the form, he violated NJ RPC rule 8.4 (c). Neither assertion was true as the form was not accurate and the funds were not disbursed accordingly for all of the 27 transactions in which the respondent charged a service fee.
Negligent Misappropriation
On October 11, 2016, the respondent served as the settlement agent for a mortgage refinance by clients David A. Jodice and Min Sook Kim. On the same date, the bank wired the sum of $7,800.10 to the respondent's ATA for the mortgage refinance. On October 13, 2016, the respondent wrote ATA check #1949, payable to Old Republic, for the sum of $1,074 for the Jodice and Kim mortgage refinance. However, there were insufficient funds in the ATA, which caused an overdraft in the sum of $986.44, because the respondent had erroneously disbursed a separate check, [*3]ATA check #1943, payable to Old Republic, for the sum $2,405, for an unrelated Real Abstract client. The check in the sum of $2,405 should have been disbursed from the respondent's Real Abstract TEA rather than from his ATA. Therefore, when check #1943 cleared the ATA, $1,074 of the Jodice and Kim funds were negligently misappropriated in violation of NJ RPC rule1.15(a). The respondent admitted to this violation in the stipulation of facts. On October 27, 2016, the respondent realized his error and, the following day, deposited the sum of $2,415.23 from his TEA into his ATA, which cured the overdraft.
Failure to Maintain Financial Records
Several record-keeping deficiencies were also discovered, including that the respondent failed to maintain an attorney business account (ABA), that he failed to deposit all earned legal fees into an ABA, and that his bank records contained improperly image-processed ATA checks, in violation of NJ RPC rule1.15(d) and New Jersey Rules of Court rules 1:21-6(a)(2), (b), and (c)(1)(G). The respondent thereafter opened an ABA and provided evidence of his efforts to correct the underlying bookkeeping deficiencies.
In determining an appropriate sanction, in aggravation, the DRB noted that this was the respondent's second time before the DRB for recordkeeping violations and negligent misappropriation, despite previously improving his recordkeeping practices and hiring ethics counsel. The DRB was particularly troubled by the respondent's previous discipline for irregularities arising from the joint operation of Real Abstract and his law practice, noting the respondent had not learned how to ethically manage both endeavors. The DRB found that there were no mitigating factors to consider, and determined that a three-month suspension was the appropriate quantum of discipline for the respondent's misconduct.
By order filed September 12, 2022, the Supreme Court of New Jersey suspended the respondent from the practice of law for a period of three months, effective October 11, 2022.
The New York Proceeding
By order to show cause dated November 15, 2022, this Court directed the respondent to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by order of the Supreme Court of New Jersey filed September 12, 2022. In response, the respondent submitted an affirmation in opposition, dated December 29, 2022, asserting that the most appropriate discipline would be a reprimand or a censure. The respondent bases this assertion on, inter alia, the great weight to be given to the trier of fact, in this case, the New Jersey District IIA Ethics Committee, which recommended a reprimand. The respondent further and correctly asserts that two of the charges in the New Jersey Supreme Court's decision were for conduct that does not constitute misconduct in New York. Specifically, he argues that, while NJ RPC rule 1.5(b) requires attorneys to set forth in writing the basis or rate of a fee charged to clients, 22 NYCRR 1215.2(a) exempts fees that are expected to be less than $3,000 from the requirement that the fee arrangement be memorialized in writing. As all of the respondent's fees were less than $3,000, this portion of his New Jersey misconduct does not constitute misconduct in New York. Likewise, while New Jersey Rules of Court rule 1:21-6(a)(2) requires attorneys to deposit all funds received for professional services into a business account, New York does not have this requirement. We nonetheless find that the respondent's contention with regard to these two components, while accurate, does not appreciably change the overall gravity of his misconduct.
The Grievance Committee submitted an affirmation in which it notes, inter alia, the similarity between aspects of the respondent's misconduct in the present matter and the misconduct involved in a separate prior proceeding before this Court. By order dated March 22, 2011, this Court suspended the respondent from the practice of law for a period of two years based on misconduct, inter alia, related to the respondent's escrow account, including engaging in a pattern of maintaining insufficient funds in his attorney escrow account, causing several checks to be dishonored, deceit and/or misrepresentation for failing to hold client funds in his attorney escrow account and failing to disclose the same to his relevant clients, conversion, failure to maintain required bookkeeping records, and a conflict of interest regarding the respondent's title agency, Real Abstract, which is also at issue in the instant proceeding (see Matter of Woitkowski, 84 AD3d 15). The respondent was reinstated to the practice of law by this Court on January 29, 2014.
Findings and Conclusion
Based on the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey filed September 12, 2022, and, in aggravation, the respondent's prior [*4]two-year suspension in New York, which included similar misconduct, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be suspended from the practice of law for a period of six months.
LASALLE, P.J., DILLON, DUFFY, BARROS and WARHIT, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Matthew William Woitkowski, is suspended from the practice of law for a period of six months, effective May 10, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 10, 2024. In such application (see id. §§ 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Matthew William Woitkowski, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id.); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Matthew William Woitkowski, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Matthew William Woitkowski, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court